IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| TODD MICHAEL BAIRD, PRO SE, | § | |
| TDCJ-CID No. 831700, | § | |
| Previous TDCJ-CID No. 606340, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:14-CV-0160 |
| | § | |
| Regional Dir. WREN HOWARD, | § | |
| Warden II BARRY MARTIN, | § | |
| Asst. Warden GREGORY DAVID, | § | |
| Asst. Warden JAMES R. BEACH, and | § | |
| Officer NFN HENDERSON, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff TODD MICHAEL BAIRD, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed pursuant to Title 28, United States Code, section 1915.

Plaintiff claims he arrived at the Clements Unit for admission to the PAMIO program on October 16, 2013, only to find his property was somehow lost in transit. Plaintiff says his grievances on the matter produced the response that he got all of his property on November 21, 2013. Plaintiff says he did not. Further, plaintiff says, he has not signed or even seen the MST[1] shipping document #878131 while on the chain or at the Clements Unit.

_____

[1] Plaintiff provides no explanation as to the purpose or content of this form.

Plaintiff requests that the lost property be replaced and that he be compensated for items that cannot be replaced.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff says he is suing defendant HENDERSON because he is the "officer [who] lost property because of crimes [plaintiff has] come to prison for." Plaintiff says he is suing defendants Asst. Warden BEACH and Warden MARTIN because they did not respond to I-60's

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

he wrote them "concerning property lost by [their] officer." Plaintiff states he is suing defendant Asst. Warden DAVID because he responded to plaintiff's Step 1 grievance that the property issue was resolved and is suing defendant Regional Director HOWARD because he denied plaintiff's Step 2 grievance stating that plaintiff had all his property.

Defendant HENDERSON

Plaintiff's claim that defendant HENDERSON lost plaintiff's property because of the crimes plaintiff is in prison for implies HENDERSON stole plaintiff's property instead of losing it. In either event, though, this is an allegation that HENDERSON's actions were random and were not authorized by state law, regulations or procedures. Where a section 1983 plaintiff alleges he has been deprived of property without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized," a tort cause of action in state law is sufficient to satisfy the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

As to a random, unauthorized deprivation, Texas provides an adequate post-deprivation remedy by way of a civil action in tort for conversion. *Murphy v. Collins,* 26 F.3d 541, 543-44 (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Thus, plaintiff's allegations against HENDERSON fail to state a claim of constitutional dimension. Plaintiff's claim(s) that his property was stolen or lost fail to state a claim on which relief can be granted.

To the extent plaintiff is suing defendants BEACH, DAVID, MARTIN, and HOWARD

for failing to adequately investigate and satisfactorily resolve plaintiff's I-60's or grievances, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff's claims against defendants BEACH, DAVID, MARTIN, and HOWARD lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition, if plaintiff is suing defendants BEACH, DAVID, MARTIN, and HOWARD because of their supervisory positions, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's

allegations against these defendants fail to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed by TODD MICHAEL BAIRD pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of July, 2014.

_/s/ Clinton E. Averitte_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).